# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ELAINE KILELEMAN, | CIVIL CASE NO. 24-00008 |
| Plaintiff, | |
| vs. | **ORDER** |
| ROBERT UNPINGCO, ROBINETTE UNPINGCO, and TERRENCE BROOKS, | |
| Defendants. | |

Before the court is Plaintiff Elaine Kileleman's Complaint, Application to Proceed in District Court Without Prepayment of Fees or Costs (the "Application to Waive Fees"), and Motion for Appointment of Counsel. Compl., ECF No. 1, Appl., ECF No. 2, and Mot., ECF No. 3. Also before the court is the Defendants Robert Unpingco, Robinette Unpingco, and Terrence M. Brooks' Motion to Dismiss.[1] Mot., ECF No. 5.

The court has reviewed the pleadings, relevant law, and deems it suitable for submission without oral argument. For the reasons set forth herein, the court hereby **GRANTS** the Plaintiff's Application to Waive Fees and **DENIES** her Motion for Appointment of Counsel. In addition, the court hereby **GRANTS** in part the Defendants' Motion to Dismiss, **DISMISSES** the Plaintiff's Complaint without prejudice, and will allow the Plaintiff to amend the Complaint.

---

[1] The caption on the Complaint does not name Terrence M. Brooks as a Defendant. Compl., ECF No. 1. However, the attachment to the Complaint titled "COMPLAINT FOR JURY TRIAL" does name Mr. Brooks as a Defendant. *Id.* at 6. Mr. Brooks is also mentioned in the facts alleged in the Complaint. *Id.* at 4. The court construes *pro se* pleadings liberally and, therefore, the court has interpreted Plaintiff's Complaint to name Mr. Brooks as the third Defendant. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

## I. Background

On April 11, 2024, the Plaintiff filed her Complaint through a Pro Se 1 Form against Defendants Robert Unpingco and Robinette Unpingco. Compl. at 1-2, ECF No. 1.

In Section II of the Pro Se 1 Form, the Plaintiff marked "Diversity of citizenship" as her basis for jurisdiction. *Id.* at 3. In Section II(B)(1), the Plaintiff noted that she is a citizen of "C.N.M.I.[,]" which the court discerns to be the Commonwealth of the Northern Mariana Islands. *Id.* In Section II(B)(2)(a), the Plaintiff wrote that Defendant Robert Unpingco is a citizen of Guam. *Id.* Directly under Section II(B)(2)(a), the Plaintiff wrote the name of Defendant "Robinett [*sic*] Unpingco" and did not specify where she is a citizen of. *Id.* The Plaintiff did not write an amount in controversy under Section II(B)(3). *Id.* at 4.

Section III of the Pro Se 1 Form instructs the Plaintiff to "[w]rite a short and plain statement of the claim[.]" *Id.* The Plaintiff wrote:

> on april 05, 2024 Terrence Brooks gave me [*sic*] eviction letter due, to their saying, I damage thier [*sic*] property, that doesn't exist, Because am [*sic*] Residing on my own property.

*Id.*

Section IV of the Pro Se 1 Form instructs the Plaintiff to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order." *Id.* The Plaintiff wrote:

> Wherefore, plaintiff demands a jury trail [*sic*] and judgement [*sic*] against, defenders [*sic*], in the amount of one Million dollars, ($1,000,000[.]00) in compensatory, punitive damages Plus interest costs as this court deems appropriate.

*Id.*

The Plaintiff attached a document to the Pro Se 1 Form titled "COMPLAINT FOR JURY TRIAL" in which she alleges that the court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

*Id.* at 6. The Plaintiff also alleges that the Defendants advised and assisted in crimes against the Plaintiff, that they knew the crimes would cause harm and suffering to the Plaintiff, and that the suffering was directly caused by the illegal actions of the Defendants. *Id.* The Plaintiff did not specify what the alleged crimes were. *Id.* The Plaintiff also notes in the attachment that she is seeking $1,000,000.00 in compensatory damages, plus interest and costs. *Id.* The Plaintiff seemingly requests for waiver of fees and writes "waiver of fees ZERO Income, other than food stamps[.]" *Id.* at 6.

On April 22, 2024, the Plaintiff filed a Motion for Appointment of Counsel. Mot., ECF No. 3.

On May 1, 2024, the Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 5. The Defendants argue that the Plaintiff's Complaint should be dismissed because the court lacks federal question jurisdiction, diversity jurisdiction, and the Plaintiff fails to state a claim upon which relief can be granted. Memo. at 3-9, ECF No. 5. The Defendants also ask the court to refrain from granting the Plaintiff leave to amend, in other words, asks the court to grant the Motion to Dismiss with prejudice. *Id.* at 9.

**II. Discussion**

    **a. Application to Waive Fees**

As an initial matter, the Plaintiff is proceeding in this action *pro se*, without an attorney, and has requested to proceed without prepaying fees or costs.[2] Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said

---

[2] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $405 filing fee is required from the party instituting any civil action in federal court.

person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

In the Application to Waive Fees, the Plaintiff reports having zero gross pay or wages and zero take home pay. Appl. at 1, ECF No. 2. The "Other Income" section asks the Plaintiff to report if she has received income in the past 12 months and the Plaintiff indicated that she has not. *Id.* The court finds that based on the Application to Waive Fees, the Plaintiff does not have an income and appears to have demonstrated that she does not have the resources to pay the filing fee. However, this does not end the court's inquiry. The court must still subject the Plaintiff's Complaint to mandatory screening before allowing the case to move forward, summons to be issued, and an answer or responsive pleading to be filed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

### b. Motion for Appointment of Counsel

Section 1915(e)(1) of Title 28, United States Code, provides for the appointment of counsel and states: "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, an appointment pursuant to this provision is discretionary. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). An appointment of counsel in a civil case requires a court to find that "exceptional circumstances" exist. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both [(1)] 'the likelihood of success on the merits [and] [(2)] the ability of the petitioner to articulate his claims

pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision[.]" *Id*.

Under the first factor, the Plaintiff has not alleged sufficient facts in her Complaint in order for the court to determine the Plaintiff's likelihood of success on the merits of her claim. For instance, she merely concludes without specific facts that the Defendants accuse her of damaging property. Compl. at 4, ECF No. 1. She states it is her property, not theirs, which has been damaged without identifying exactly what has been damaged. *Id.* She also accuses the Defendants of crimes against her without particularizing which crimes were committed and what harm and suffering she received. *Id.* at 6. This sparse Complaint contains insufficient facts for the court to determine the likelihood of success on the merits of her claim.

As to the second factor, the Plaintiff has not alleged sufficient facts to be able to determine the complexity of the legal issues involved and whether she can articulate the claims on her own. The Motion for Appointment of counsel simply asks the court to appoint counsel, does not allege exceptional circumstances, and the court finds that no exceptional circumstances exist. Mot., ECF No. 3. The Plaintiff's Motion for Appointment of Counsel is **DENIED**.

    **c. Defendants' Motion to Dismiss**

        **i. Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that, in response to a claim for relief, a party may assert a defense of "lack of subject-matter jurisdiction" by way of motion. A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint

are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted). "Where a factual motion to dismiss is made and only written materials are submitted for the court's consideration (*i.e.*, no hearing is held), a plaintiff need only establish a prima facie case of jurisdiction." *Rancheria v. Bonham*, 872 F. Supp. 2d 964, 968 (N.D. Cal. 2012) (citing *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985)).

### 1. Federal Question Jurisdiction

Courts use the "well-pleaded complaint rule" to determine whether a complaint has been brought under federal law. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998)). A complaint is well-pled "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)).

In this case, the Complaint fails to present a federal question. Compl., ECF No. 1. The Plaintiff alleges that she was wrongly given an eviction letter because she damaged the property she was living on and that the Defendants have committed crimes against her. *Id.* at 4, 6. The Plaintiff does not state what the crimes are anywhere in the Complaint, only that the Defendants committed said crimes. *Id.* at 6. The Plaintiff does not cite to federal law or provide sufficient facts to enable the court to discern what federal law the Plaintiff bases the Complaint on. The courts find that the Complaint is deficient because it fails to demonstrate "either that federal law create[d] the cause of action" or that the Plaintiff's "right to relief necessarily depends on

resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).

With respect to the criminal allegations in the Complaint, the Defendants argue that the court does not have jurisdiction to hear a criminal matter in this context because the Plaintiff is a private party who does not have the power to "enforce criminal misconduct through civil litigation." Mot. at 5, ECF No. 5. The court finds that the Defendants are correct. Assuming the court knew which crimes the Plaintiff is referring to, the Plaintiff would need to establish that the criminal provision provides a basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Based on the above, the court finds that the Plaintiff has failed to allege federal question jurisdiction.

### 2. Diversity Jurisdiction

For a Plaintiff to assert diversity jurisdiction, two requirements must be met: (1) the amount in controversy, exclusive of interest and costs, is more than $75,000, and (2) the matter is between citizens of different states or subjects of a foreign state. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 334 (9th Cir. 2015) and *see* 28 U.S.C. § 1332(a)(2).

On the Pro Se 1 Form, Section II(B), the Plaintiff checked off "Diversity of citizenship" as the basis for jurisdiction. Compl. at 3, ECF No. 1. The Plaintiff left Section II(B)(3), the amount in controversy portion of the Pro Se 1 Form, blank. *Id.* at 4. However, under Section IV, titled "Relief[,]" the Plaintiff asks the court for $1,000,000.00 in compensatory and punitive damages plus interest. *Id.* The Plaintiff also asks for $1,000,000.00 in compensatory damages on the document attached to the Complaint, titled "COMPLAINT FOR JURY TRIAL[.]" *Id.* at 6. The Defendants argue that the Plaintiff has not satisfied the amount in controversy requirement

because the sum is not asserted in good faith and the court cannot determine to a legal certainty whether the Plaintiff may recover the amount claimed. Mot. at 7, ECF No. 5.

Courts may consider compensatory and punitive damages when determining the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). Courts "calculate the amount in controversy by examining the face of the well-pleaded complaint." *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020). The sum alleged by the Plaintiff controls only if "the claim is apparently made in good faith." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). However, a court may dismiss a complaint based on a failure to satisfy the amount in controversy where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemn. Co.*, 303 U.S. at 289.

The court finds that it cannot determine the amount in controversy by looking at the face of the Complaint because it is unclear under what law the Plaintiff brings the Complaint and what harm she suffered. Viewing the facts in a light most favorable to the Plaintiff, the court finds to a legal certainty that the claim of $1,000,000.00 in punitive and compensatory damages as the jurisdictional amount does not meet the amount in controversy requirement to establish diversity jurisdiction because the amount is not asserted in good faith. 28 U.S.C. § 1332(a)(2).

With respect to the second prong, the Plaintiff alleged in Section II(B)(1)(a) of the Pro Se 1 Form that she is a citizen of "C.N.M.I." and that the Defendant Robert Unpingco is a citizen of Guam. *Id.* The Plaintiff did not allege where Defendant Robinette Unpingco or Defendant Brooks are citizens of. *Id.* In addition, in Section I(A) of the Pro Se 1 Form where it asks the Plaintiff to "[p]rovide the information for each plaintiff named in the complaint[,]" she filled out

1  her name with an address in Guam and not in the "C.N.M.I.[,]" which is where she alleges she is
2  a citizen of. Compl. at 1, ECF No. 1. There are two deficiencies under the second prong of the
3  diversity jurisdiction analysis. 28 U.S.C. § 1332(a)(2). The first is that the Plaintiff writes in one
4  section she is a citizen of the "C.N.M.I." and in a separate section writes her address as being in
5  Guam. Compl. at 1 and 3, ECF No. 1. The second is the Plaintiff does not specify where
6  Defendants Robinette Unpingco and Brooks are citizens of. *Id.* at 3. The court finds that the
7  Plaintiff has failed to establish diversity jurisdiction as the jurisdictional basis for the Complaint.
8  28 U.S.C. § 1332(a)(2).

### ii. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that, in response to a claim for relief, a party may assert a defense of "failure to state a claim upon which relief can be granted" by way of motion. Whether a party has sufficiently stated a claim for relief is viewed in light of Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id.* at 678–79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id*. at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id*. at 679. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id*. at 679.

The court finds that the Complaint fails to state "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The Complaint simply alleges that she received an eviction notice, that the Defendants committed crimes against her that caused her harm, and that the Defendants knew the alleged crimes would cause her harm. Compl. at 4, 6, ECF No. 1. As alleged, the Plaintiff does not state what crimes she is referring to, the legal basis she brings her claim under, and what alleged misconduct the Defendants engaged in. FED. R. CIV P. 8(a). Since the Complaint lacks factual allegations that are necessary for the court to determine the basis of her claim, the court cannot analyze whether she is, in fact, entitled to relief. Additionally, the Complaint, as written, fails to give the Defendants "fair notice" of what claim the Plaintiff alleges and "the grounds upon which it rests[.]" *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

Thus, the court finds that the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### III. Leave to Amend

The court finds that dismissal with leave to amend is warranted. It is not clear, based on the facts alleged, whether Plaintiff's claims would be futile. *Lopez*, 203 F.3d at 1127. *See also*

*Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile [.]"). The court construes *pro se* pleadings liberally and gives the Plaintiff any benefit of the doubt. *Butler*, 752 F.3d at 1180.

If the Plaintiff chooses to file an amended complaint, the Plaintiff must demonstrate to the court:

1. a cognizable claim that comports with Federal Rule of Civil Procedure 8(a);
   - to be cognizable, the complaint must include:
     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support,
     (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
     (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. FED. R. CIV. P. 8(a).
2. the law or laws that the Plaintiff seeks relief under; and
3. the basis for the court's jurisdiction:
   - if diversity jurisdiction, Plaintiff must demonstrate the amount in controversy is more than $75,000, and the matter is between citizens of different states or subjects of a foreign state; and,
   - if federal question jurisdiction, Plaintiff must demonstrate a specific constitutional or statutory right Plaintiff believes was violated.

The amended complaint must be rewritten entirely and may not incorporate any part of the dismissed Complaint by reference. Any cause of action not raised in the amended complaint will be deemed waived.

### IV. Conclusion

For the reasons set forth herein, the court hereby **GRANTS** the Plaintiff's Application to Waive Fees and **DENIES** her Motion for Appointment of Counsel. In addition, the court hereby **GRANTS** in part the Defendants' Motion to Dismiss, **DISMISSES** the Plaintiff's Complaint without prejudice, and will allow the Plaintiff to amend the Complaint.

The Plaintiff has until September 16, 2024 to file an amended complaint in compliance with the Federal Rules of Civil Procedure. Failure to file the amended complaint by the deadline may result in the automatic dismissal of the above-captioned matter without further notice from the court.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Aug 15, 2024